```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAYMOND GRIFFIN,

                Plaintiff,
                                            MEMORANDUM & ORDER
        -against-                           15-CV-2440(JS)(GRB)

NEW YORK STATE BOARD OF PAROLE;
CHAIRWOMAN ANDREA EVANS,
Individually and in her Official
Capacity; and Deputy JOHN DOE and
JANE DOE, Individually and in
their Official Capacities,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Raymond Griffin, pro se
                    Wake County Detention Center
                    P.O. Box 2479
                    Raleigh, NC 27602

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On April 23, 2015, incarcerated pro se plaintiff Raymond Griffin ("Plaintiff") filed an in forma pauperis Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the New York State Board of Parole ("NYBOP"); Andrea Evans, Chairwoman, New York Board of Parole ("Evans"); and two unidentified individuals described as subordinates of Evans ("John and Jane Doe" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis. Plaintiff seeks to sue the individual Defendants in their individual and official capacities.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that

Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii)-(iii), 1915A(b).

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint seeks to challenge his 30-day incarceration following his arrest on a parole warrant. According to the Complaint, Plaintiff was stopped in January 2013 while driving a car with tinted windows that were "too dark." (Compl. ¶ V.) Plaintiff claims that he was arrested after the officer discovered an outstanding parole warrant issued in late 2012. (Compl. ¶ V.) Notwithstanding Plaintiff's explanation to the officer that the underlying criminal case had been overturned on appeal, the officer arrested Plaintiff. (Compl. ¶ V.) Plaintiff alleges that he "did a total of about thirty days in the County Jail and after writing the Governor all necessary parties [he] was released." (Compl. at 5, ¶ V.) Accordingly, Plaintiff claims to have been unlawfully imprisoned and seeks to recover a monetary damages award in total sum of one million dollars ($1,000,000.00). (Compl. at 6.)

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

2

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.   Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Immunity

Plaintiff names Evans and John and Jane Doe, three employees of the New York State Division of Parole, as defendants. Plaintiff seeks to sue these individuals in their official and personal capacities. Insofar as Plaintiff seeks to recover a monetary award against these Defendants in their official capacities, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L. Ed. 2d 67 (1984).

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)). As an agency or arm of the State of New York, the New

York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Stone v. N.Y. City Dept. of Homeless Servs., 159 F. App'x 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); Garcia v. Div. of Parole Exec. Dept., No. 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole "'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991)). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (citation omitted).

Similarly, Plaintiff's claims for damages against the state employees sued in their official capacities are barred by the Eleventh Amendment. Graham, 473 U.S. at 165-167, and n. 14, (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in

5

their official capacities."). As such, Plaintiff's claims against these Defendants sued in their official capacities are barred by the Eleventh Amendment to the Constitution, <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 268, 117 S. Ct. 2028, 2033, 138 L. Ed. 2d 438 (1997), and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b).[2]

IV. <u>Individual Capacity Claims</u>

Affording Plaintiff's complaint a liberal construction as the Court is required to do, the Court next considers whether Plaintiff has a plausible Section 1983 claim against the Individual Defendants in their individual capacities. For the reasons that follow, the Court finds that he does not.

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, --- U.S. ---- , 132 S.

---

[2] The Court notes that the Plaintiff's Section 1983 claims against Defendants in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." <u>Spencer v. Doe</u>, 139 F.3d 107, 111 (2d Cir. 1998); <u>see</u> also <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

6

Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. County of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, "'[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 1983.'" Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates."

7

Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003) (citation omitted). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority,'. . . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names as Defendants the Chairwoman of the New York State Division of Parole, a "John Doe" and a "Jane Doe" as defendants, the Complaint is wholly devoid of any allegations of personal involvement by any of these Defendants with regard to the conduct underlying Plaintiff's Section 1983 claim. Accordingly, Plaintiff's Section 1983 claim against these Defendants, as pled, is implausible and is dismissed. Moreover, although Plaintiff states in the caption of his Complaint that the Defendants are sued in their official and individual capacities (Compl. at 1), the Complaint is bereft of any facts from which the Court can reasonably construe conduct undertaken in any of the Defendants' individual capacities. Accordingly, Plaintiff's Section 1983 claims against Defendants in their individual capacities are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

V.   <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defects in Plaintiff's official capacity claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend these claims is DENIED.  However, Plaintiff is GRANTED LEAVE TO AMEND his individual capacity claims in accordance with the guidance set forth above.  Any Amended Complaint shall be clearly labeled "Amended Complaint", bear the same docket number as this Order, 15-CV-2440(JS)(GRB), and shall be filed within thirty (30) days from the date of this Memorandum and Order.  Failure to file an Amended Complaint within the time allowed will lead to the dismissal of the Complaint with prejudice and the case shall be closed.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the New York State Board of Parole, Chairwoman Evans in her official capacity and the John/Jane Does in their official capacities for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b)(1).  Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT

against the Individual Defendants in their individual capacities as set forth above. Any Amended Complaint shall be clearly labeled "Amended Complaint", bear the same docket number as this Order, 15-CV-2440(JS)(GRB), and shall be filed within thirty (30) days from the date of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July   6  , 2015
       Central Islip, New York