UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAYMOND GRIFFIN,

                Plaintiff,

      -against-

ANDREA EVANS, NEW YORK STATE BOARD
OF PAROLE CHAIRWOMAN, in her
individual capacity, and JOHN DOE
and JANE DOES, in their individual
and official capacities,

                Defendants.
----------------------------------X

MEMORANDUM & ORDER
15-CV-2440(JS)(GRB)

APPEARANCES
For Plaintiff:      Raymond Griffin, pro se
                    1160661
                    Wake County Detention Center
                    P.O. Box 2479
                    Raleigh, NC 27602

For Defendants:     No appearances.

SEYBERT, District Judge:

        On April 23, 2015, incarcerated pro se plaintiff Raymond Griffin ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the New York State Board of Parole ("NYBOP"); Andrea Evans, Chairwoman, New York Board of Parole ("Chairwoman Evans"; and two unidentified individuals described as subordinates of Evans ("John and Jane Doe" and collectively, "Defendants")[1], accompanied by an application to proceed in forma pauperis. By Memorandum and Order dated August 6, 2015 (the "M&O"), Plaintiff's in forma pauperis application was

---

[1] Plaintiff sought to sue the individual Defendants in their individual and official capacities.

GRANTED, but the Complaint was DISMISSED WITH PREJUDICE as against the New York State Board of Parole, Chairwoman Evans in her official capacity and the John/Jane Does in their official capacities for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b)(1) and Plaintiff was GRANTED LEAVE TO AMEND his Complaint within thirty (30) days therefrom. (See M&O, Docket Entry 7.)

On August 24, 2015, Plaintiff timely filed an Amended Complaint against "Andrea Evans, New York State Board of Parole Chairwoman, in her individual capacity" ("Evans"); and John/Jane Does, in their individual and official capacities. (See Am. Compl., Docket Entry 9.) Because Plaintiff's allegations as set forth in his Amended Complaint do not allege a plausible Section 1983 claim against any Defendant, the Amended Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

## DISCUSSION

The allegations set forth in Plaintiff's Amended Complaint are largely the same as those alleged in the original Complaint. Plaintiff's Amended Complaint again challenges his incarceration following his arrest on a parole warrant and seeks to recover a monetary damages award in total sum of one million dollars ($1,000,000.00). (Am. Compl. at 4-5.) Notwithstanding the guidance set forth in the M&O explaining that the Eleventh

2

Amendment bars Section 1983 claims for monetary damages against state employees sued in their official capacities (M&O at 4-6), Plaintiff again seeks to sue two employees of the New York State Division of Parole in their official capacities for exclusively money damages. Thus, such claims are barred by the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L. Ed. 2d 67 (1984); see also Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). Moreover, because "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983", Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (citations omitted); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989), Plaintiff's Section 1983 claims against the John and Jane Doe defendants in their official capacities must be dismissed. Accordingly, for these reasons and as was set forth in the M&O, Plaintiff's claims against the John and Jane Does in their official capacities are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

To the extent Plaintiff seeks to sue Chairwoman Evans and

the John and Jane Doe defendants in their individual capacities, the Amended Complaint is bereft of any facts from which the Court can reasonably construe conduct undertaken by any of these Defendants in their individual capacities. Indeed, given the absence of any allegations of conduct attributable to Chairwoman Evans, it is clear that Plaintiff seeks to impose liability against her solely because of the position she holds. Accordingly, because "an individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority,'. . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)), Plaintiff's individual capacity claim against Chairwoman Evans is implausible. Moreover, because the "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983'", Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)), Plaintiff's claims against Defendants in their individual capacities fail as a matter of law. See also Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). Accordingly, Plaintiff's Section 1983 claims against Defendants in their individual capacities are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

CONCLUSION

For the reasons set forth above, the Amended Complaint is <u>sua</u> <u>sponte</u> DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A (b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff at his last known address and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __7__, 2016
　　　　Central Islip, New York